IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

CLINTON L. CRESSIONNIE                                                         PLAINTIFF

v.                                                                                       No. 4:03CV291-P-A

REBECCA BLOUNT, ET AL.                                                      DEFENDANTS

## MEMORANDUM OPINION

This matter comes before the court on remand from the Fifth Circuit, which affirmed the court's dismissal of all of the *pro se* prisoner plaintiff's claims under 42 U.S.C. § 1983 – except his claim of retaliation against defendant Rebecca Blount. The Fifth Circuit held that the court should have afforded the plaintiff an "opportunity to elaborate on that claim . . . ." Through his June 4, 2004, amended complaint, the plaintiff has fleshed out his claim, and the court may now rule on part of it. Further, the sole remaining defendant has moved for summary judgment, arguing that the case should be dismissed because the plaintiff has alleged no physical injury, and compensatory damages are thus unavailable. The plaintiff seeks the following in his prayer for relief:

1. That the court find that defendant Rebecca Blount retaliated against the plaintiff because he exercised his First Amendment right to seek redress for his grievance against her,

2. That the court issue an injunction requiring the plaintiff's release from solitary confinement,

3. That the court award nominal, compensatory, and punitive damages to the plaintiff, and

4. That the court grant additional relief as justice so requires.

For the reasons set forth below, the court finds that the defendant's motion for summary judgment shall be denied, and the only form of relief available to the plaintiff in this case is nominal damages.

In his first request, the plaintiff does not actually seek relief. Instead he simply asks the court to decide the issue at hand in his favor. The second paragraph seeks an order requiring the Mississippi Department of Corrections to remove the plaintiff from solitary confinement at the Mississippi State Penitentiary. The plaintiff was released from isolation long ago – and then transferred to the Delta Correctional Facility on February 16, 2005. As such, his request for injunctive relief has become moot. Third, the plaintiff has not alleged physical injury anywhere in his complaint; he is thus precluded from seeking money damages for mental and emotional distress. *Geiger v. Jowers*, 404 F3d 371 (5th Cir 2005). The plaintiff may, however, recover nominal damages for "constitutional injury" if he can prove that Rebecca Blount retaliated against him. *Oliver v. Scott,* 276 F.3d 736, 747 n. 20 (5th Cir.2002). Finally, the plaintiff's general prayer for relief is unavailing, as the plaintiff has already sought all the forms of relief available under 42 U.S.C. § 1983 in his first three requests.

As discussed above, the plaintiff's request for compensatory and punitive damages must be dismissed. Hence, with injunctive relief, compensatory damages, and punitive damages out of the picture, the only form of relief left to the plaintiff is nominal damages – a token to show that the plaintiff's rights were technically violated. The customary amount of money awarded for nominal damages is one dollar. Thus, for the forgoing reasons, the defendant's motion for summary judgment shall be dismissed, and the maximum amount of monetary damages available to the plaintiff in this case (should he prevail) is nominal damages in the amount of one dollar. A judgment consistent with this memorandum opinion shall issue today.

**SO ORDERED,** this the 9th day of March 2006.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE