# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# GREENVILLE DIVISION

**CLINTON L. CRESSIONNIE**     **PLAINTIFF**

**v.**     **No. 4:03CV291-P-A**

**REBECCA BLOUNT, ET AL.**     **DEFENDANTS**

## ORDER DENYING PLAINTIFF'S MOTIONS
## FOR RELIEF FROM JUDGMENT

This matter comes before the court on the plaintiff's January 18, 2007, and January 24, 2007, motions for relief from judgment under FED. R. CIV. P. 60(b)(3). In his two motions, the plaintiff alleges that defendant Rebecca Blount committed perjury and perpetrated a fraud upon the court when she testified that she issued the plaintiff a rule violation report because he attempted to assault her. Blount testified that the plaintiff attempted to assault her when she refused to assist him with a request for obtaining a better prison job than field operations – and that she issued the rule violation report for the attempted assault.

Blount testified that she would not assist Cressionnie with the prison job request, and, indeed, would not assist *any* inmate with an escape attempt on his record to obtain a prison job giving him great mobility within the prison. After a jury trial on this matter, the plaintiff discovered documents showing that Blount had actually assisted the plaintiff at least twice in the past with such a request – despite his documented escape attempt. The plaintiff argues that if he had been able to impeach Blount about this inconsistency, then the jury would have believed him, rather than Blount, and he would have won the trial. He argues further that Blount's testimony, in the face of the plaintiff's documentation, amounts to perjury and fraud. The plaintiff's argument is, however, unpersuasive.

First, the inconsistency the plaintiff highlights involves Blount's statement of what she might or might not do in a hypothetical sense regarding her recommendation – not what she actually did. It is the jury's sole province in a trial to weigh the credibility of the witnesses and, ultimately, to determine the outcome of the case. Indeed, the jury performed that duty at the plaintiff's trial, finding Blount to be more credible than the plaintiff. The plaintiff has not produced evidence of perjury or fraud. His new evidence might be of value for impeachment, which goes, again, to credibility – and the jury. In addition, the evidence the plaintiff has presented is far from new; he signed the papers himself in 2001 and 2002. Thus, his opportunity to present that evidence was at trial, and that opportunity has passed. In the end, the plaintiff is simply unhappy with the outcome of the trial and seeks a way to resurrect his case. Under the prevailing law, the plaintiff has fallen far short of the mark. He has not produced evidence that Blount used fraud as a vehicle to win this case. As such, the plaintiff's two motions for relief from judgment under FED. R. CIV. P. 60(b)(3) are hereby **DENIED.**

**SO ORDERED,** this the 7th day of February, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE